```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

ROBERTO BOTA,                       :
                                    :    Civil Action No. 05-4930(DMC)
            Petitioner,             :
                                    :
      v.                            :    **OPINION**
                                    :
STATE OF NEW JERSEY, et al.,        :
                                    :
            Respondents.            :

**APPEARANCES:**

   ROBERTO BOTA, Petitioner pro se
   S.T.U.A.
   371
   P.O. Box 905
   Avenel, New Jersey 07001

**CAVANAUGH**, District Judge

This matter is before the Court on petitioner Roberto Bota's petition for habeas corpus relief under 28 U.S.C. § 2254.

I.   BACKGROUND

According to the allegations contained in the petition, petitioner, Roberto Bota ("Bota"), is a civilly-committed person, under the New Jersey Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4-27.24 et seq. Bota alleges that he was involuntarily committed by order entered January 26, 2005, in the Superior Court of New Jersey, Law Division, Essex County. Bota admits that he has not filed an appeal from his commitment order with the state court. Instead, he brings this federal habeas petition under 28 U.S.C. § 2254, alleging claims of ineffective assistance of counsel in his commitment proceedings. Bota

alleges that as a civilly committed person, he is not required to exhaust his state court remedies before bringing a federal habeas petition under § 2254.

## II. ANALYSIS

### A. Pro Se Pleading

Bota brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### B. Exhaustion Analysis

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[1] 28 U.S.C. § 2254(b)(1). See

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the

courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  Id. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies.  28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Bota has failed to exhaust his state court remedies with respect to his civil commitment.  Bota admits that he never sought state court review on his claims of ineffective assistance of counsel. Therefore, it is plainly obvious that the claims in this petition were never actually raised or fairly presented for state court

4

review.  Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.  See Rose, 455 U.S. at 510.

In addition, there is no indication from the petition that Bota's non-exhaustion of state court remedies should be excused. Bota has not shown that there is an absence of available state process with respect to his unexhausted claims.  Before exhaustion will be excused on this basis, "state law must clearly foreclose state court review of unexhausted claims."  Toulson, 987 F.2d at 987.  Thus, as a matter of comity, it is best left to the New Jersey courts to determine if they can still entertain Bota's unexhausted claims.  District courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits.  Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989.  Here, no state court has concluded that Bota is procedurally barred from raising his unexhausted claims.  Moreover, Bota alleges no facts suggesting that state procedures are in effect unavailable to him. Therefore, this Court is not prepared to presume that the claims in this petition would necessarily be barred from state court review.

Finally, to the extent that Bota claims the exhaustion requirement under § 2254 does not apply to him because he is not a prisoner challenging a judgment of conviction, this claim is without merit.  Bota contends that under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), he is not a "prisoner" as that term is defined under 28 U.S.C. § 1915(h).[2]  However, unlike the PLRA, § 2254 is not textually limited to "prisoners".  See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005).  Section 2254 directs that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a *person in custody* pursuant to the judgment of a State court." 28 U.S.C. § 2254(a)(emphasis added).  It is well established that persons confined under an involuntary civil commitment scheme, such as the SVPA, may use a § 2254 habeas petition to challenge a term or judgment of commitment.  See Duncan v. Walker, 533 U.S. 167, 176 (2001); Souder v. McGuire, 516 F.2d 820, 823 (3d Cir. 1975); Wood v. Wood-El, et al., Civil No. 05-1447 (RBK), 2005 WL 1899335 (D.N.J. Aug. 5, 2005)(petitioner can challenge the fact of his involuntary commitment only by petitioning for a writ of habeas corpus and after exhausting his state court remedies as

---

[2] The PLRA defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).

required by § 2254(b)(1)).  Thus, § 2254's exhaustion requirement pertains to all persons in custody pursuant to a state court judgment, including civilly committed persons like petitioner, Bota, who may challenge their commitment order under the SVPA. As Bota has admitted that he has not exhausted his state court remedies, this petition must be dismissed without prejudice pursuant to 28 U.S.C. § 2254(b)(1).

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

IV.  CONCLUSION

For the foregoing reasons, this Court finds that Bota has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust. The Court therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies.

No certificate of appealability will issue, insofar as Grant has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH
United States District Judge

DATED: October 27, 2005